# IN THE COURT OF APPEALS OF IOWA

No. 14-1545
Filed March 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ADONNIS RAY HILL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, David F.

Staudt, Judge.


        A defendant appeals the sentence imposed upon his convictions for

burglary and domestic abuse assault.  **AFFIRMED.**


        Laura L. Folkerts of Dutton, Braun, Staack & Hellerman, P.L.C., for

appellant.

        Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney

General, Thomas Ferguson, County Attorney, and Peter Blink, Assistant County

Attorney, for appellee.


        Considered by Tabor, P.J., Mullins, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MULLINS, J.**

Adonnis Hill appeals the sentence entered following his convictions for second-degree burglary and domestic abuse assault. He asserts the court failed to give reasons for imposing the maximum sentence on the burglary conviction and otherwise abused its discretion in sentencing him.

In imposing the sentence, the district court stated:

> THE COURT: . . . [Y]ou also have a situation where you've got a lifetime of domestic abuse.
> DEFENDANT: Yes, sir.
> THE COURT: You're a grown man and you continue to do this. You haven't learned a thing in 15 years.
> DEFENDANT: Yes, sir.
> THE COURT: . . . But in 1995 you assaulted a woman; in 1998 you assaulted a woman; in 1999 you violated a no contact order; in 2000 you assaulted a new woman; in 2005 you assaulted a new woman, and I guess—oh, I'm sorry. In 2000 you assaulted the same woman a third time.
> DEFENDANT: Yes, sir.
> THE COURT: So—and in 2005 you have a new victim again and you're 29 years old. So over that 10-year time period you learned nothing. That's your response to an argument with a woman is violence and that's unacceptable in this society. That's just not something that we can tolerate.
> DEFENDANT: Yes, sir.
> THE COURT: And you know, I don't disagree with [the individuals that wrote letters in support of the defendant]. That is that you have a very good side to yourself.
> DEFENDANT: Yes, sir.
> THE COURT: And that is that you go out and you do a lot for the community, you help a lot of kids, and you've got a special place in your heart for kids, and you go out there and you do what you can for them. And you referee and you have a particular love for sports and you're leading children on that way, and that's quite a benefit to our community. I don't disagree with that.
> DEFENDANT: Yes, sir.
> THE COURT: But, and here's the troubling aspect of all of this to me. On top of all of this—well, first of all, the victim here agrees. In the presentence investigation report [the author] said that, it appears to me anyway, that [the author] contacted the victim and the victim agrees with the official version. And the official

version of this is that you—this was not something where you reacted to something in the heat of the moment of an argument. This is not somebody who you lived with this woman and something happened and the two of you got into some spark, lit an argument, and something happened, and within a second or two or three or four seconds something occurred and you reacted.

You got in a car and drove across town, went to her house, used a key that you weren't supposed to have, went into her house, and assaulted her. Got in an argument and assaulted her. That's not a spur-of-the-moment thing. That's somebody who went over to this house and you were going to teach her a lesson. And that's what—that's how this went down. You went over there to teach her a lesson. You were going to win this argument. And you did.

You grabbed her by the neck, you picked her up, you threw her down, and her leg was injured. It would be interesting to see how you would react if someone grabbed you by the neck, picked you up, and threw your down. You probably would not like that. And from your physical stature nobody has been able to do that to you for a while, but you've been doing it to other people, and you haven't given up on it. And when you finally come to grips with the fact that you can't assault women, you'll be okay.

And you know? Here's the other thing. I—I want to—part of me wants to give you the opportunity, but I can't. And the thing is: I understand that you put a lot of effort into your kids and you do a lot for the community. A lot of people do. All right? Everybody in this room does. . . .

. . . .

THE COURT: One of the things is you can't beat up women.

DEFENDANT: Yes, sir.

THE COURT: And your record just reflects a horrid, abysmal behavior toward women who love you. And so I am going to sentence you to up to ten years in prison. There will be a $1000 fine with a 35 percent surcharge. I will suspend the fine and surcharge.

There will be a two-year prison term on count two. Up to two years in prison on count two. There will be a $625—yeah, $625 fine along with a 35 percent surcharge. The fine and surcharge will be suspended based on good behavior on parole.

You'll be ordered to complete the Iowa Domestic Abuse Program. It used to be called the Batters Education Program. Whatever it's called now. I believe it's the Iowa Domestic Abuse Program. Also, there will—you'll be ordered to pay any court cost and attorney fees.

. . . .

I will run the two counts concurrent to each other so that—for one 10-year sentence. You'll get credit for any time you've served, which so far is less than a day.

Hill claims the district court gave no rationale for imposing the maximum sentence on the burglary offense; instead, he claims the court used the burglary sentence to punish him for his domestic abuse conviction. He also claims his record of public service and the assistance he provides to his family justifies a suspended or deferred sentence with probation.

A sentence within the statutory limits is cloaked with a strong presumption in its favor, and we will only overturn the sentence for an abuse of discretion or the consideration of inappropriate matters. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We find neither an abuse of discretion nor the consideration of inappropriate matters. The burglary offense was interconnected with the assault offense as Hill unlawfully entered the victim's home to commit an assault upon the victim. The court considered what sentence would provide Hill with the maximum opportunity for rehabilitation, while also protecting society from his recidivist violent behavior toward women. *See* Iowa Code § 901.5 (noting the court must determine which sentence "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant"). The court was well within its discretion to determine probation would not serve these two interests in this case. We affirm the district court's sentencing order pursuant to Iowa Court Rule 21.26(1)(a) and (e).

**AFFIRMED.**